## In Re: the Petition of Percy Richardson to Change Name

*Sanford Krevsky,* for petitioner.

DOWLING, *J.,* September 24, 1982—Like the gargoyles of medieval architecture, with their distortion of human and animal figures, Percy wishes to fasten to his male body the female appellation of "Diane Diane."

In this Commonwealth, an individual cannot change his name without permission of the court acting upon a petition complying with certain statutory requirements.[1] Petitioner has fulfilled these requirements. He has advertised, given notice and presented testimony at a hearing that he was free of judgments. Mr. Richardson testified that he had no criminal record, was not engaged in criminal activity and was not attempting to avoid payment of any debts. The sole reason he advanced was "sexual preference." There was further tes-

---

1. Act of April 18, 1923, P.L. 75; 54 P.S. §1 et seq.

timony that Percy has had a boyfriend (male body and male name) for several years who is aware of his true identity. There was also introduced into evidence a letter from Dr. D.W. Spigner, Medical Director of the Hamilton Health Center, to the effect that he had been treating Percy for several years in the "female role gender with psychological testing . . . and ongoing maintence of female hormones." It also stated that petitioner was enrolled in a gender transformation program at the Pennsylvania Hospital in Philadelphia. However, Mr. Richardson testified that he had not had any sex operations and was still physically a male. No one appeared in objection to the petition.

Even though all the statutory requirements have been complied with and no objection forthcoming, "in granting or refusing the petition . . . the Court has wide discretion . . . the petition *may* be granted . . . it will exercise that discretion in such a way as to comport with good sence, common decency and fairness to all concerned and to the public." Falcucci Name Case, 355 Pa. 588, 591, 592, 50 A. 2d 200 (1947).

Not surprisingly, there are few cases dealing with this bizarre situation. However, our neighboring county to the West, in a thoughtful and well reasoned opinion by Judge Sheely, held in an almost identical situation that in its judgment to permit a change of name where the individual's sex remained unchanged, "would not comport with good sense, common decency and fairness to all concerned, especially the public." In re Dowdrick, 4 D. & C. 3d 681, 685 (1978). Judge Sheely distinguished the several other cases on this issue by noting that in those decisions, which permitted the

change, sex reassignment surgery had been completed.[2]

We can think of nothing which might be more deceptive to the public than to allow a male to use a female name. It is true, of course, that petitioner could have been given a female name at birth. One is reminded of the popular ballad of several years ago, "A Boy Named Sue," made famous by the legendary Johnny Cash. We also realize that defendant can call himself Diane and can request that others do so and probably, though unlawfully, go about in the world with that name using it to all intents and purposes; and if desired, have it engraved on his tombstone.

The point, however, as we see it is that we are being asked to lend the dignity of the court and the sanctity of the law to this freakish rechristening. To place a female name on a male is to combine incompatibles, and to do so legally is to pervert the judicial process, which is supposed to act in a rational manner.

Accordingly, we enter the following

ORDER

And now, September 24, 1982, the prayer of petitioner to change his name from Percy Richardson to Diane Diane is denied.

---

2. In re Anonymous, 293 N.Y. Supp. 2d 834, 57 Misc. 2d 813 (1968); In re Anonymous, 314 N.Y. Supp. 2d 668, 64 Misc. 2d 309 (1970). See also, in re Dickinson, 4 D. & C. 3d 678 (1978).